IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GROUPE SEB HOLDINGS, INC.,

    Plaintiff,                        14cv0151
                                          **ELECTRONICALLY FILED**

    v.

BRADY MARKETING COMPANY, INC.,

    Defendant.

### MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO DISMISS AND/OR TRANSFER (DOC. NO. 8)

**I.    Introduction**

This case centers on disputed post-contractual commissions. On February 3, 2014, Groupe SEB Holdings, Inc. ("Plaintiff") filed a Complaint in Declaratory Judgment against Brady Marketing Company, Inc. ("Defendant"). Doc. No. 1.

The Parties previously had a contractual sales relationship through which Defendant promoted products and obtained orders for Plaintiff's affiliates. The Parties memorialized the perimeters of this relationship in an Agreement dated December 13, 2010. Doc. No. 1, ¶ 15 and Doc. No. 8, ¶ 1(a). The Agreement became effective on January 1, 2011. Doc. No. 1, ¶ 16. In July 2013, after failed negotiations to revise the Parties' commission structure, Defendant provided notice that it was terminating the Agreement pursuant to Section 3(e). Doc. No. 1, ¶ 25. Plaintiff accepted Defendant's termination and confirmed December 22, 2013, as the effective termination date. Id. The Parties dispute which payments/commissions are triggered by Defendant's termination.

In its Complaint, Plaintiff moves this Court to declare that:

- Section 11(a) of the Agreement does not apply;
- Plaintiff will completely fulfill its obligations upon payment of Post-Termination Payments set forth in Section 11(b) of the Agreement;
- Plaintiff does not owe Defendant Ongoing Commissions for shipments after December 22, 2013; and
- Plaintiff does not owe Defendant any payments on orders or planned orders on or before December 22, 2013.

Doc. No. 1, 7.

## II.   Discussion

On February 24, 2014, Defendant filed a Motion to Dismiss based upon: lack of subject matter and personal jurisdiction; improper venue; Plaintiff's failure to exhaust agreed-upon contractual remedies; and Plaintiff's improper request for an advisory opinion.  Doc. No. 8. Defendant's Motion is alternatively a Motion to Transfer pursuant to 28 U.S.C.A. § 1404(a). Id.

In support of its Motion, Defendant cites the Parties' Agreement dated December 13, 2010, which states, in pertinent part:

> The parties hereby agree that the state and federal courts of Washington County, Pennsylvania shall be the exclusive forum for resolving any claims or disputes related to this agreement in the event the initial claim is first filed by the Company [Plaintiff] against Representative [Defendant], and the state and federal courts of Contra Costa or San Francisco County, California shall be the exclusive forum for resolving any claims or disputes related to this Agreement in the event the initial claim is first filed by Representative [Defendant] against Company [Plaintiff].

Doc. No. 8 at 5.  It is undisputed that on January 31, 2014, Defendant filed suit in the Superior Court of the State of California for the County of Contra Costa based on the Parties'

Agreement. Doc. No. 8-3. Defendant argues that the pending California lawsuit precludes jurisdiction in this Court because it was filed before Plaintiff's Complaint. Doc. No. 8, 5. Plaintiff contends that the two cases are distinct and the forum selection clause does not mandate adjudication of its declaratory judgment action in California. Doc. No. 17, 3.

Plaintiff is correct that the claims are distinct in some respects: Defendant's California lawsuit involves "kicker" commissions while the Agreement was still in operation; Plaintiff's claim filed in this Court involves post-termination payments as a result of Defendant's termination of the Agreement. Doc. No. 8-3, Doc. No. 1. Defendant acknowledges these distinctions. Doc. No. 20, 2. However, although substantively dissimilar, both cases are based upon the Parties' Agreement which includes a provision that once a claim is filed based on the Agreement, that Court "shall be the exclusive forum for resolving any claims or disputes related to th[e] agreement." Doc. No. 8, 5. Despite Plaintiff's protestations, the Court finds that the plain language of their contract dictates that once a lawsuit is filed in a jurisdiction, that Court shall be the sole forum for any subsequent disputes related to the Parties' Agreement. The Court notes that when parties have agreed to a valid forum-selection clause, "a district court should ordinarily transfer the case to the forum specified in that clause" unless extraordinary circumstances exist. *Atlantic Marine Construction Co., Inc. v. U.S. District Court for the Western District of Texas, et.al.*, 571 U.S. _____, 134 S.Ct. 568, 581 (2013). Defendant filed its lawsuit before Plaintiff and therefore, California Courts are the exclusive forum for the Parties' disputes.

Because of this forum selection clause, it is most prudent and required to transfer the present declaratory action to the United States District Court for the Northern District of California "to secure the just, speedy, and inexpensive determination" of the Parties' dispute.

Fed. R. Civ. P. 1. Transfer is in the best interest of the public because it honors the Parties' Agreement, and contractual agreements are a cornerstone of the American economy. In transferring this matter, this Court does not make any determination as to this Court's subject matter or personal jurisdiction or the propriety of this venue.

### III. Order

AND NOW, this 6th day of March 2014, IT IS HEREBY ORDERED THAT:

1. Defendant's Motion to Dismiss or Motion to Transfer (Doc. No. 8) is **GRANTED IN PART AND DENIED IN PART**;

2. Plaintiff's Complaint (Doc. No. 1) shall be **TRANSFERRED** to the United States District Court for the Northern District of California; and

3. The Clerk of Court shall mark this **CASE CLOSED**.


s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc:     All Registered ECF Counsel and Parties